UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEONARD W. HOUSTON,

        Plaintiff,

-against-

HUDSON VALLEY CREDIT UNION, NOW
KNOWN AS HUDSON VALLEY FEDERAL
CREDIT UNION; JOHN DOE,

        Defendants.

---

ORDER OF DISMISSAL

26 Civ. 1845 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction, alleging that Defendants violated his rights. He sues Hudson Valley Federal Credit Union ("HVCU"), and a John Doe Notary Public employed by HVCU. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

## I.  BACKGROUND

Plaintiff, who is a resident of Middletown, New York, brings his claims using the Court's general complaint form. He checks the box on the form to invoke the Court's federal question jurisdiction, and states that he seeks to assert claims under 42 U.S.C. § 1983 and New York Penal Law § 195.00, which is a criminal statute prohibiting official misconduct. The following facts are drawn from the complaint.[1]

On January 6, 2026, John Doe, an employee of the Middletown Branch of HVCU and a notary public, "illegibly 'refuse[d]' to duly perform the requested notarial services for" Plaintiff.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(ECF 1, at 5.)  According to Plaintiff, his account with HVCU had a balance of -$329.01, but that the balance was disputed and "un-related" to his request for notary services. (*Id.*)  Plaintiff alleges, "This illegible *refusal* to provide statutorily notarial services constitutes, *inter alia*, a negligent act, error, or omission on the part of said JOHN DOW, a staff member, employee of the Hudson Valley Credit Union, arising from this non-performance of notarial duties requested." (*Id.* at 6 (emphasis in original).)

Plaintiff lists his injuries as "NONE," and seeks damages "in an amount to be determined, but not less than $75,000.00." (*Id.*)

## II.   STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).  But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## III.    PLAINTIFF'S CLAIMS ARE DISMISSED

### A.    Claims under federal law

Plaintiff invokes the court's federal question jurisdiction and states that he is asserting claims under 42 U.S.C. § 1983.[2] A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). In other words, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

Courts have held that credit unions, even those with "federal" in their names, such as Defendant, are not state or federal actors for purposes of § 1983 or *Bivens*. *See, e.g., Pierre v.*

---

[2] To the extent Plaintiff is seeking damages on grounds that his federal rights were violated by a federal actor, those claims, to the extent they are available, would arise under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (noting that *Bivens* "is the federal analogue to suits brought against state officials under" Section 1983).

3

*Melrose Credit Union*, No. 17-CV-2799, 2018 WL 3057686, at *5-6 (E.D.N.Y. June 19, 2018) (holding credit union was not a state actor); *Anderson v. Wiggins,* 460 F. Supp. 2d 1, 7 (D.D.C. 2006) (explaining that a "federal credit union—although perhaps misleading in use of the word 'federal'—is not a government agency, but rather is a private corporation or association"); *Barroga-Hayes v. Susan D. Settenbrino, P.C.,* No. 10-CV-5298, 2012 WL 1118194, at *9 (E.D.N.Y. Mar. 30, 2012) (noting that "courts have repeatedly held that federal credit unions are not state actors" and collecting cases).

Plaintiff alleges no facts demonstrating that Defendants—a private credit union and its employee—acted under state or federal law or that they acted in their capacity as state actors.[3] Furthermore, even if Plaintiff could allege facts demonstrating that Defendants are state actors, his allegations that Defendants refused to notarize a document do not suggest that they violated any of his federal statutory or constitutional rights. The Court therefore dismisses Plaintiff claims under § 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Plaintiff sues the John Doe HVCU in his capacity as a "Commissioned Notary Public of the State of New York." (ECF 1, at 1.) But being commissioned as a notary public does not automatically transform a private individual into a state actor for purposes of § 1983, particularly when the plaintiff fails to allege facts demonstrating that the complained of actions were "taken in the defendant's capacity as a notary public." *Henry v. Logan,* No. 07-CV-789C, 2010 WL 883674, at *3 (W.D.N.Y. Mar. 5, 2010); *see also Daniel v. Safir,* 135 F. Supp. 2d 367, 376 (E.D.N.Y. 2001) (holding that a notary public was not a state actor because his actions were taken in his capacity as a computer salesperson). Additionally, numerous courts have declined to find that a notary public is a state actor. *See, e.g., Kobayashi v. McMullin,* No. 2:19-CV-06591-SSS (MAA), 2023 WL 3493991, at *15 (C.D. Cal. Mar. 2, 2023) ("[A] notary public does not act under color of state law." (citing cases)), *report and recommendation adopted,* 2023 WL 11822282 (C.D. Cal. Sept. 1, 2023); *Hieshetter v. Amann,* No. 1:19-CV-0725, 2020 WL 358720, at *7 n.7 (W.D. Mich. Jan. 22, 2020) ("[E]ven if [the defendant] held a notary public commission, she was not a state actor." (citing cases)); *Ezell v. Payne,* No. 16-CV-1166, 2017 WL 891768, at *8 (W.D. La. Jan. 31, 2017) ("Numerous courts have declined to find that a notary public is a state actor." (citing cases)), *report and recommendation adopted,* 2017 WL 889552 (W.D. La. Mar. 6, 2017); *Worthington v. Rose Palmer, Esq.,* No. 3:15-CV410, 2015 WL 7571822 (E.D. Va. Nov. 24, 2015) (holding that "a notary public is not a state official" (citing cases)).

4

## B.     Claims under state law

Plaintiff also appears to assert claims under state law.  A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction."[4]  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).  Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## C.     Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because nothing in the complaint suggests that Plaintiff could allege facts that would cure the deficiencies identified above, the Court declines to grant Plaintiff leave to amend his complaint.

---

[4] A federal district court can also consider state law claims under its original diversity of citizenship jurisdiction.  To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  In addition, the plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).  Here, Plaintiff and Defendant Hudson Valley Credit Union are both citizens of the State of New York, which precludes diversity jurisdiction.

### IV.   CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   May 11, 2026
        New York, New York

_____
GEORGE B. DANIELS
United States District Judge